**E-FILED**
Tuesday, 24 October, 2006  04:17:52 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

**FILED**

OCT 2 4 2006

JOHN M. WATERS, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA, IL

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CRIMINAL NO. CR06-20048-002 |
| | ) |
| NATHANIEL E. TAYLOR, | ) |
| | ) |
| Defendant. | ) |

### PLEA AGREEMENT

Pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, the

United States of America by Rodger A. Heaton, United States Attorney for the Central

District of Illinois, and Eugene L. Miller, Assistant United States Attorney, and the

defendant, Nathaniel E. Taylor, personally and by his attorney, John D. McFetridge,

have agreed upon the following:

### SCOPE

1.    This document contains the complete and only plea agreement between

the United States Attorney for the Central District of Illinois and the defendant.  This

agreement supersedes and replaces any and all prior formal and informal, written and

oral, express and implied, plea agreements between the parties.  No other agreement,

understanding, promise, or condition between the United States Attorney for the

Central District of Illinois and the defendant exists, except as set forth in this plea

agreement.

2.    This plea agreement is binding only upon the United States Attorney for

- 2 -

the Central District of Illinois and the defendant.  It does not bind any United States

Attorney outside the Central District of Illinois, nor does it bind any state or local

prosecutor.  In addition, the plea agreement does not bind the Tax Division of the

United States Department of Justice or the Internal Revenue Service of the United States

Department of the Treasury.

## THE PLEA

3.    Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant

will enter a plea of guilty to Counts 1, 2, and 3 of the indictment in this cause.  Counts 1,

2, and 3 of the indictment charge the defendant with Bank Fraud in violation of Title 18,

United States Code, Section 1344.  Pursuant to Rule 11(c)(1)(B), if the Court does not

accept the recommendations of the parties as set forth below, the defendant

understands that he does not have the right to withdraw his plea of guilty.

## ELEMENTS OF THE CHARGES

4.    The defendant has personally read the indictment and the charges to

which the defendant is pleading guilty.  The indictment and the charges have been

explained to the defendant by the defendant's attorney.  Furthermore, the defendant

fully understands the nature and elements of the crime to which the defendant is

pleading guilty.

5.    The offense of Bank Fraud in violation of Title 18, United States Code,

Section 1344 has the following elements, each of which the prosecution must prove

beyond a reasonable doubt:

- 3 -

(a).    First, that there was a scheme to defraud a bank or to obtain moneys and funds of a bank by means of false or fraudulent pretenses and representations as charged in the indictment;

(b).    Second, that the defendant executed or attempted to execute the scheme;

(c).    Third, that the defendant did so knowingly and with the intent to defraud; and

(d).    Fourth, that at the time of the charged offense the deposits of the bank were insured by the Federal Deposit Insurance Corporation.

6.    A scheme is a plan or course of action formed with the intent to accomplish some purpose. A scheme to defraud is a scheme that is intended to deceive another and to obtain money or property or cause the potential loss of money or property to another.

7.    The term "knowingly" means that the defendant realized what he was doing and was aware of the nature of his conduct, and did not act through ignorance, mistake or accident.

8.    The phrase "intent to defraud" means that the acts charged were done knowingly with the intent to deceive the victim in order to cause a gain of money or property to the defendant or the potential loss of money or property to another.

9.    An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged. Any person who knowingly aids the commission of an offense may be found guilty of that offense. That person must knowingly associate with the criminal activity, participate in the activity, and try to make it succeed.

- 4 -

## POTENTIAL PENALTIES

10.    The charge of  Bank Fraud in violation of Title 18, United States Code, Section 1344, a Class B felony, has the following potential penalties:

      (1)    Maximum thirty year period of imprisonment;

      (2)    Maximum $250,000 fine; and

      (3)    Maximum five year period of supervised release.

11.    The defendant further understands and agrees to pay the mandatory $100 Special Assessment (for a total of $300) for each count of the indictment to which the defendant is entering a Plea of Guilty as required under Title 18, United States Code, Section 3013.  The defendant agrees to pay this mandatory special assessment at the time of sentencing by delivering a check or money order made payable to the United States District Court and understands that he will be required to do so as a condition of this Plea Agreement.  No failure to comply with this requirement, however, will constitute grounds for the defendant to withdraw any plea of guilty.

12.    The defendant further understands that upon violation of any of the terms of the defendant's supervised release, the supervised release may be revoked and the defendant may be imprisoned for all or part of the supervised release period without credit for time previously served.

13.    The defendant understands and agrees that the Court may be required to order the defendant to pay restitution.  Restitution may include the cost of incarceration and supervision.  The parties acknowledge that the Court may order restitution in

- 5 -

whatever amount it deems proper.

## ACCEPTANCE OF RESPONSIBILITY

14.    The United States agrees, based upon the facts currently known by the United States, that the defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct in accordance with § 3E1.1(a) of the United States Sentencing Guidelines and, therefore, a two-level reduction in the offense level is appropriate.  Furthermore, the United States agrees that an additional one-level reduction in the offense level is appropriate in accordance with § 3E1.1(b) if the defendant's offense level is 16 or greater because the defendant timely notified the United States of his intention to enter a plea of guilty.  This agreement does not preclude the United States from changing its position if new evidence to the contrary is discovered or if the defendant later demonstrates a lack of acceptance of personal responsibility in the opinion of the United States.  The defendant understands that the Court will not be bound under this agreement by the positions of either party and will be free to make its own independent determination concerning the defendant's acceptance of responsibility.  An objection to the Court's ruling will not give the defendant any right to withdraw his guilty plea.

## COOPERATION BY THE DEFENDANT

15.    As a condition of this entire Plea Agreement, the defendant will cooperate fully with law enforcement officials as set forth in a cooperation agreement dated September 11, 2006 and attached hereto as Exhibit A.  All information and testimony

- 6 -

given by the defendant must at all times be complete and truthful. This means, for instance, that he must neither minimize his own actions nor fabricate or exaggerate anyone else's actions or involvement. The defendant's status does not hinge upon obtaining a conviction against anyone else; it is dependent solely upon his being truthful about the facts whatever those may be.

16.     The defendant agrees that if he violates the terms of that cooperation agreement, the United States will be completely released from all of its obligations under this Plea Agreement. The defendant agrees, however, that under such a circumstance he will not be allowed to withdraw from any previously accepted guilty plea.

17.     The United States agrees that at the time of sentencing it will fully inform the Court of the nature, extent, and value of any cooperation rendered by the defendant.

18.     The United States reserves the right, in its sole discretion, to make a motion at the time of sentencing for a downward departure from the sentencing guideline range pursuant to United States Sentencing Guidelines Section 5K1.1 and/or from any mandatory minimum sentence pursuant to Title 18, United States Code, Section 3553(e) if the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses. If the defendant provides substantial assistance in the investigation or prosecution of other criminal offenses, but the defendant's cooperation is not complete at the time of sentencing, the United States reserves the

- 7 -

right, in its sole discretion, to refrain from making a motion pursuant to U.S.S.G. §5K1.1 and 18 U.S.C. § 3553(e) at the sentencing and instead to make a motion, after the defendant's cooperation is complete, for a downward departure from the sentencing guideline range and from any mandatory minimum sentence pursuant to Federal Rule of Criminal Procedure 35 (b). The defendant understands that it is the policy of the United States to make a motion under either U.S.S.G. § 5K1.1 or Federal Rule of Criminal Procedure 35(b), but not both. The extent of any such recommended departure will depend solely upon the United States' evaluation of the nature, extent, and value of the defendant's assistance, including the defendant's truthfulness.

19.    The defendant and his attorney acknowledge that they have reviewed, and the defendant understands, the possible application of Title 18, United States Code, § 3553(e) and United States Sentencing Guidelines Section 5K1.1. They further acknowledge, consistent with Application Note 3 to Section 5K1.1, that the United States is in the best position to assess the value of the defendant's cooperation to the United States and its law enforcement efforts. In return for receiving the opportunity to cooperate with the government and for the opportunity to be considered by the government for a motion and recommendation for a downward departure pursuant to 18 U.S.C. § 3553(e) and/or § 5K1.1, the defendant and his attorney agree to limit any argument regarding the extent of a downward departure for substantial assistance to only those grounds specifically set forth in § 5K1.1.

- 8 -

## ADVISORY SENTENCING GUIDELINES

20.    The defendant understands that the Court will calculate the defendant's offense level and criminal history category under the United States Sentencing Guidelines, and that the Court will use those calculations to arrive at an advisory sentencing range under the Guidelines. The defendant understands that the Court must consider the advisory Sentencing Guideline range when imposing sentence. The Court shall also consider the other factors listed under Title 18, United States Code, Section 3553(a) in determining the specific sentence to be imposed. The defendant understands that although the Sentencing Guidelines are advisory, the Court may choose to impose sentence in accordance with the Sentencing Guidelines.

## SENTENCING RECOMMENDATIONS AND THEIR EFFECT UPON THE COURT

21.    The United States and the defendant remain free to recommend whatever sentence each party deems appropriate, respectively.

22.    The defendant agrees that at the time of sentencing, the Court will not be bound by any recommendation made by any party, and that the Court will be free to impose whatever sentence it deems appropriate up to the statutory maximum.

23.    The defendant agrees and understands that he will not be allowed to withdraw his guilty plea because of an objection to the calculation of the advisory Sentencing Guidelines or to the Court's sentencing findings or rulings or because the defendant receives a sentence higher than that recommended by either party.

- 9 -

## STIPULATION OF FACTS

24.     The defendant will plead guilty because he is in fact guilty.  In pleading guilty, the defendant stipulates and agrees that the United States could prove the following to a jury beyond a reasonable doubt:

The conspirators devised a scheme that included obtaining counterfeit checks purportedly drawn on the accounts of legitimate entities, such as the Danville Family YMCA, the Office of the Circuit Clerk of Grundy County, Illinois, Goodwill of Los Angeles, California, and Norbrek LP.  The conspirators made the counterfeit checks payable to other conspirators who were recruited to cash the counterfeit checks.  Some conspirators would drive those other conspirators, including defendant Nathaniel E. Taylor, along with the counterfeit checks, to various First Midwest Bank branches in Danville, Illinois to cash the checks, as well as to other locations in Danville to cash the checks, such as Main Package Liquor, the Currency Exchange, and Wal-Mart.  The fraudulently obtained proceeds were then distributed among the participants in the scheme, including the defendant.  The victims of the counterfeit check scheme suffered a loss of over $30,000.

For example, in January of 2006, the defendant received counterfeit checks made payable to the defendant from other participants in the scheme.  On January 12, 2006, around 10:55 a.m., the defendant cashed counterfeit check number 31613 in the amount of $968.43, purportedly drawn on the First Midwest Bank account of the Office of Circuit Clerk, Grundy County, Illinois, at the First Midwest Bank branch at 100 North

- 10 -

Gilbert Street, Danville, in the Central District of Illinois. On January 13, 2006, around 12:24 p.m., the defendant cashed check number 31615 in the amount of $978.46, purportedly drawn on the First Midwest Bank account of the Office of Circuit Clerk, Grundy County, Illinois, at the First Midwest Bank branch at 1000 East Voorhees Street in Danville. On January 17, 2006, the defendant cashed check number 19879 in the amount of $987.67, purportedly drawn on the First Midwest Bank account of the Danville Family YMCA, at the First Midwest Bank branch at 1000 East Voorhees Street in Danville. On January 12, 13, and 17, 2006, the deposits of First Midwest Bank were insured by the Federal Deposit Insurance Corporation.

Additionally, on January 9, 2006, the defendant cashed counterfeit check number 19031 in the amount of $3,900.00, purportedly drawn on the Cal-Trust California Bank account of Norbrek, LP, at the Currency Exchange, 616 North Vermilion in Danville. A Currency Exchange employee cashed the check after calling the telephone number on the check and confirming with an individual who identified himself as Steve Jones that the check was good and represented an insurance settlement. The employee later identified the defendant from a six-person photographic lineup as the person who passed the counterfeit check. On January 18, 2006, the defendant cashed counterfeit check number 19883 in the amount of $968.43, purportedly drawn on the First Midwest Bank account of the Danville Family YMCA, at Main Package, 732 East Main Street in Danville. On January 19, 2006, the defendant cashed counterfeit check number 19881 in the amount of $ 998.43, purportedly drawn on the First Midwest Bank account of the

- 11 -

Danville Family YMCA.

On January 30, 2006, Danville Investigator Phil Wilson interviewed the defendant at the Danville Police Department after the defendant waived his constitutional rights and agreed to speak with Investigator Wilson. The defendant admitted cashing the six counterfeit checks detailed above. The defendant stated that he received the checks from coconspirators, some of whom drove the defendant to various locations to cash the checks. The defendant admitted that he gave the proceeds from the counterfeit checks to a coconspirator, and in return, received a portion of the proceeds for cashing each check. The defendant acknowledged that he was in the car when other persons cashed counterfeit checks and that the telephone number on the counterfeit checks was forwarded to a coconspirator's cellular telephone so he could verify the checks.

## WAIVER OF RIGHT OF APPEAL FROM CONVICTION AND SENTENCE

25.    The defendant is aware that federal law, specifically, Title 28, United States Code, Section 1291, affords a defendant a right to appeal a final decision of the district court and that federal law, specifically, Title 18, United States Code, Section 3742, affords a defendant a right to appeal the conviction and/or sentence imposed. Understanding those rights, and having thoroughly discussed those rights with the defendant's attorney, the defendant knowingly and voluntarily waives the right to appeal any and all issues relating to this plea agreement and conviction and to the sentence, including any fine or restitution, within the maximum provided in the

- 12 -

statutes of conviction, and the manner in which the sentence, including any fine or

restitution, was determined, on any ground whatever, in exchange for the concessions

made by the United States in this plea agreement.  As the only exception to this waiver,

the defendant reserves the right to appeal any upward departure from the applicable

sentencing guideline range imposed by the Court.

## WAIVER OF RIGHT TO COLLATERAL ATTACK

26.    The defendant also understands that he has a right to attack his sentence

collaterally on the grounds it was imposed in violation of the Constitution or laws of

the United States, he received ineffective assistance from his attorney, this Court was

without proper jurisdiction or the sentence was otherwise subject to collateral attack.

The defendant understands such an attack is usually brought through a motion

pursuant to Title 28, United States Code, Section 2255.  The defendant and his attorney

have reviewed Section 2255, and the defendant understands the rights that statute gives

him.  The defendant's attorney has fully discussed and explained this waiver with the

defendant.  The defendant specifically acknowledges that the decision to waive the

right to challenge any later claim of the ineffectiveness of the defendant's counsel was

made by the defendant alone notwithstanding any advice the defendant may or may

not have received from the defendant's attorney regarding this right.  Regardless of any

advice his attorney has given him one way or the other, in exchange for the concessions

made by the United States in this Plea Agreement, specifically including the

opportunity to cooperate with the United States and possibly provide sufficient

- 13 -

substantial assistance to induce a motion for a downward departure as set forth above, the defendant hereby knowingly and voluntarily waives his right to challenge any and all issues relating to his plea agreement, conviction and sentence, including any fine or restitution, in any collateral attack, including, but not limited to, a motion brought under Title 28, United States Code, Section 2255. The defendant acknowledges and agrees that the effect of this waiver is to completely waive any and all rights and ability to appeal or collaterally attack any issues relating to his conviction and to his sentence so long as the sentence is within the maximum provided in the statutes of conviction.

## ACKNOWLEDGMENT OF VOLUNTARINESS OF WAIVER

27. The defendant states that he has not been coerced, threatened, intimidated, or in any other way involuntarily persuaded to waive his rights to appeal or collaterally attack his sentence by his attorney or anyone else. The defendant is waiving those rights because he personally believes it is in his best interest to do so in order to obtain the benefit of the concessions made by the United States in this agreement. The defendant understands the United States is unwilling to make some of those concessions unless he is willing to waive his rights to appeal or collaterally attack his sentence as part of the bargain. The defendant asks the Court to accept this waiver so he can receive the full benefit of this agreement.

## VIOLATION OF AGREEMENT BY DEFENDANT

28. The defendant further agrees that if the defendant violates the terms of this plea agreement the United States has the option to declare the plea agreement null

- 14 -

and void. In the event the United States exercises its option to declare the plea

agreement null and void, the United States will be completely released from all of its

obligations under this plea agreement and the United States will be free to seek to

vacate the defendant's conviction and sentence, and to file additional charges against

the defendant or to seek the defendant's resentencing. In the event, however, the

United States exercises its option to declare the plea agreement null and void, the

defendant will not be allowed to withdraw from any previously accepted guilty plea.

29.    Whether or not the defendant has violated the terms of the plea agreement

shall be determined by the Court. The burden of proof shall rest with the United States

to establish by a preponderance of the evidence that the defendant violated the terms of

the plea agreement.

ACKNOWLEDGMENTS OF DEFENDANT AND DEFENSE COUNSEL

30.    The defendant and his attorney acknowledge that they have reviewed and

defendant understands the possible application of Sentencing Guidelines §1B1.3

(Relevant Conduct) and §1B1.4 (Information to be Used in Imposing Sentence).

31.    The defendant understands that by entering a Plea of Guilty, the

defendant is waiving certain of his rights. Specifically, the defendant understands that

by pleading guilty he is waiving the following rights, among others:

a.    The right to plead not guilty or persist in the plea of not guilty if

already made. If the defendant persisted in a plea of not guilty to the charges the

defendant would have the right to a public and speedy trial.

- 15 -

      b.      The right to a trial by jury. The defendant has an absolute right to a jury trial. The jury would be composed of twelve persons selected at random. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded that the United States had met its burden of proving the defendant guilty beyond a reasonable doubt. The defendant could also ask for a trial by the Judge instead of a trial by a jury.

      c.      The right to the assistance of counsel. The defendant has the right to be represented by an attorney at every stage of the proceedings and, if the court finds the defendant is unable to afford an attorney, one will be appointed to represent the defendant at no cost to the defendant.

      d.      The right to confront and cross-examine adverse witnesses. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to see and hear those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant's counsel could present witnesses and other evidence on the defendant's behalf. If the witnesses for the defendant refused to appear voluntarily, their attendance could be required through the subpoena power of the court.

      e.      The right against compelled self-incrimination. At a trial, the defendant would have a privilege against self-incrimination so that the defendant could

- 16 -

decline to testify, and no inference of guilt could be drawn from the defendant's refusal to testify. If the defendant desired to do so, the defendant could testify on the defendant's own behalf.

32.    The defendant understands that by pleading guilty the defendant is waiving all the rights set forth in the prior paragraphs. The defendant's attorney has explained those rights to the defendant and the consequences of the waiver of those rights.

33. Defense Counsel

I have read this Plea Agreement and have discussed it fully with my client, Nathaniel E. Taylor. It accurately and completely sets forth the entire Plea Agreement. I concur in the guilty plea as set forth in this Plea Agreement.

Date: __10/24/06__                s/John D. McFetridge
                                   _____
                                   John D. McFetridge
                                   Attorney for the Defendant

34.    Defendant

I have read this entire Plea Agreement carefully and have discussed it fully with my attorney, John D. McFetridge. I fully understand this agreement and accept and agree to it without reservation, including the paragraphs labeled "Waiver of Right to Appeal" and "Waiver of Right to Collateral Attack."

I am entering into this agreement voluntarily and of my own free will in order to gain the benefit of the promises made by the United States. I am pleading guilty

- 17 -

because I am in fact guilty, and I agree that the facts stated in this agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, express or implied, to influence me to plead guilty other than those stated in this written plea agreement nor am I under the influence of anything that could impede my ability to understand fully this Plea Agreement.

I am satisfied with the legal services provided by my attorney in connection with this case, this Plea Agreement and matters related to it. I further understand that by signing below I am stating I agree with everything stated in this section of the Plea Agreement and I am accepting and entering into this Plea Agreement in its entirety.

I hereby reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement.

Date: 10-24-06

s/Nathaniel E. Taylor

Nathaniel E. Taylor
Defendant

- 18 -

## ACKNOWLEDGMENT OF THE UNITED STATES

35.    United States Attorney's Office

I accept and agree to this Plea Agreement for the United States of America.


Date: _Octbr 24, 2006_                    s/Eugene L. Miller
                                          _____
                                          Eugene L. Miller
                                          Assistant United States Attorney
                                          201 South Vine Street
                                          Urbana, Illinois 61802
                                          Telephone: 217/373-5875

John D. McFetridge, Esq.                         U.S. Department of Justice
September 11, 2006
Page -3-

the United States.

12.   The United States agrees that it will fully inform the court in any sentencing hearing
      of the nature, extent, and value of your client's cooperation. At this time, the
      United States is not making and has not made any promise or commitment of any
      kind to you or your client regarding the prosecution of any offense or the sentence
      in any case.

13.   The United States reserves the right, in its sole discretion, to make a motion at the
      time of sentencing for a downward departure from the sentencing guideline range
      pursuant to § 5K1.1 of the Sentencing Guidelines and from any mandatory
      minimum sentence pursuant to 18 U.S.C. § 3553(e) if your client provides
      substantial assistance in the investigation or prosecution of other criminal offenses.
      The extent of any such recommended departure will depend solely upon the United
      States's evaluation of the nature, extent, and value of your client's assistance,
      including his truthfulness.

14.   Your client agrees that he will not frivolously contest his guilt or any sentencing
      issues in his pending federal criminal proceeding.

15.   *Any violation of any part of this agreement by your client will void this agreement
      in its entirety and will release the United States from any obligation under this
      agreement.*

      This letter embodies the entirety of the United States's use immunity agreement with your
client. No other promise or agreement exists between your client and the United States regarding
immunity.


Very truly yours,

RODGER A. HEATON
UNITED STATES ATTORNEY


s/Eugene L. Miller

Eugene L. Miller
Assistant United States Attorney

John D. McFetridge, Esq.                                    U.S. Department of Justice
September 11, 2006
Page -4-


**AGREED:**

I have read this letter entirely, and I understand and completely agree to the above terms.  No
promises have been made other than those stated in this letter regarding cooperation or immunity.


 s/Nathaniel E. Taylor                              s/John D. McFetridge
_____                   _____
Nathaniel E. Taylor                                 John D. McFetridge
Defendant                                           Attorney for Defendant


DATE: 10-24-06                                   DATE: 10 / 24 / 06