SENTENCING RECOMMENDATION

UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF ILLINOIS
UNITED STATES V. NATHANIEL E. TAYLOR, DKT. NO. 06-20048-002

TOTAL OFFENSE LEVEL:            7
CRIMINAL HISTORY CATEGORY:     VI

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY | 30 years for each count | 15 to 21 months | 18 months on each count, to run concurrent |
| PROBATION | Not authorized | Not authorized | Not recommended |
| SUPERVISED RELEASE | Not more than 5 years per count | 3 to 5 years | 5 years on each count, to run concurrent |
| RESTITUTION | $8,801.42 | $8,801.42 | $8,801.42 |
| FINE | $1,000,000 on each count | $500 to $3,000,000 | $0 |
| SPECIAL ASSESSMENT | $100 on each count | $100 on each count | $300 |

## Justification

Although the defendant's criminal history dates back to when he was 17 years old, he did not start getting arrested for serious criminal behavior until he was about 26 years old. This is surprising to me based on the fact that he did not have a typical childhood. The defendant comes from a broken home, has a father that was a drug dealer and addict and was never a father-figure, never had a father-figure, and was physically and sexually abused by a neighbor for three years. Therefore, I would not be surprised if the defendant had acted out while he was a teenager. However, it appears the problems did not really start until the defendant became addicted to cocaine and methamphetamine. He started to steal, transport chemicals used to produce methamphetamine, and use women, including his mother, to support his habit. During this time, the defendant also violated two terms of probation, and committed the instant offense while serving a term of probation.

Based on this information, I respectfully recommend a sentence in the middle of the applicable guideline range. I believe a sentence

RE: TAYLOR, Nathaniel E.

of 18 months will reflect the seriousness of this offense, provide just punishment, and ensure a fair and proportional sentence. I further recommend a five-year term of supervised release, which will provide the probation office the longest period of time allowable to facilitate the payment of restitution. Mr. Taylor owes the Illinois Department of Healthcare and Family Services a substantial amount of money for two of his children, and he has to help provide for his other children on a disability income. Therefore, I do not believe he is financially able to pay a fine in addition to the mandatory restitution. Mr. Taylor's supervised release conditions should include substance abuse testing and treatment, as well as mental health counseling. In addition, several financial conditions are recommended to help provide the probation office with the necessary tools to monitor Mr. Taylor's finances.

**Recommendation**

It is respectfully recommended that sentence be imposed as follows:

> Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Nathaniel E. Taylor, is hereby committed to the custody of the Bureau of Prisons for a term of 15 months. Said term shall consist of 15 months on each of Counts 1, 2, and 3, to be served concurrently.
>
> Due to extensive family ties, the Court recommends to the Bureau of Prisons that the defendant be housed in the Midwest for visitation.
>
> The Court finds the defendant is an addict and, therefore, recommends to the Federal Bureau of Prisons that the defendant receive intensive and comprehensive drug and alcohol rehabilitation while in the Federal Bureau of Prisons.
>
> It is further ordered that pursuant to the Mandatory Victim Restitution Act, you shall pay restitution in the amount of $8,801.42, joint and severally with codefendant Cornelius Wilson (CD/IL Dkt. #06-20048-001). Said restitution shall be paid to: 1) Currency Exchange, 616 N. Vermilion Street, Danville, Illinois, in the amount of $3,900; 2) First Midwest Bank, 100 N. Gilbert, Danville, Illinois, in the amount of $2,934.56; and 3) Main Package, 732 E. Main Street, Danville, Illinois, in the amount of $1,966.86. Pursuant to 18 U.S.C. § 3612(f), the Court waives any and all interest payments, as reasonable efforts to collect interest are not likely to be effective.

RE: TAYLOR, Nathaniel E.

The defendant shall participate in the Inmate Financial Responsibility Program while in the Federal Bureau of Prisons. During incarceration, the defendant shall make payments of either quarterly installments of a minimum of $25 if working non-UNICOR, or a minimum of 50 percent of monthly earnings, whichever is greater, if working in UNICOR. Upon release from confinement, the defendant shall make monthly payments at a rate of at least 25 percent of his disposable income per month, or at least $100 per month, during the entire term of supervised release.

THE COURT FINDS that the defendant does not have the ability to pay a fine, either immediately or through installment payments.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 5 years. This term shall consist of 5 years on each of Counts 1, 2, and 3, to be served concurrently.

Within 72 hours of release from the Bureau of Prisons, the defendant shall report in person to the probation office in the district to which the defendant is released.

The Court finds the defendant is subject to the mandatory drug testing provision of 18 U.S.C. § 3583(d) and orders the defendant to submit to one drug test within 15 days after being placed on supervision and two drug tests thereafter, as directed by the U.S. Probation Officer. In addition, pursuant to 42 U.S.C. § 14135a, the defendant shall cooperate in the collection of DNA as directed by the probation officer or the Bureau of Prisons.

In addition to the standard conditions of supervision, the defendant shall comply with the following special conditions:

1. You shall not incur any new debts or open any additional lines of credit without prior approval of the probation officer.

2. You shall provide the probation officer access to any requested financial information including both your business and personal income tax returns.

RE: TAYLOR, Nathaniel E.

3. You shall refrain from any use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician. You shall, at the direction of the probation officer, participate in a program for substance abuse treatment, including not more than six tests per month to determine whether you have used controlled substances and/or alcohol. You shall pay for these services as directed by the probation office.

4. You shall participate in psychiatric services and/or a program of mental health counseling/treatment as directed by the probation officer and shall take any and all prescribed medications as directed by the treatment providers. You shall pay for these services as directed by the probation officer.

5. You shall not own, purchase, or possess a firearm, ammunition, or other dangerous weapon.

6. You shall obtain a G.E.D. during the term of supervision.

IT IS FURTHER ORDERED that the defendant shall pay a special assessment to the United States in the amount of $300, which shall be due immediately.

**Voluntary Surrender**

The defendant is not an appropriate candidate for voluntary surrender.

Respectfully submitted,

*Karmen L. Coates*
Karmen L. Coates
U.S. Probation Officer

Approved:

*Gary W. Russell*
Gary W. Russell
Supervising U.S. Probation Officer
KLC:sdo
Date: January 22, 2007